**HENRY et., Plaintiffs-Appellants, v. REICH, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County

No. 3942.   Decided February 11, 1947.

Charles J. Chastang, Columbus, for plaintiffs-appellants.
Dale D. Rapp, and George T. Tarbutton, Columbus, for defendant-appellee.

**OPINION**

By THE COURT:

This is an appeal on questions of law from the Court of Common Pleas of Franklin County, Ohio. The action is one on a cognovit note, instituted by H. E. Henry and H. J. Loechler, plaintiffs-appellants, hereinafter designated as plaintiffs, against P. F. Reich, defendant-appellee, hereinafter designated as defendant.

The record discloses that on July 12, 1945, a cognovit judgment was entered in favor of the plaintiffs in the amount of $489.02. Thereafter the defendant filed a motion to vacate said judgment, which was sustained and the defendant was permitted to file an answer setting up two defenses: (1) a failure of consideration for the note upon which the judgment was based; and (2) the note upon which the judgment was based was secured from the defendant by fraud and deceit of the plaintiffs.

Upon the trial of the cause the jury returned a verdict for the defendant and a judgment was entered by the Court on such verdict.

The record discloses that on or about May 31, 1944, the defendant submitted a written application to the plaintiffs who are life insurance underwriters, for life insurance, the amount being left in blank. Some difficulty was encountered in passing the medical examination, and as a result of this the policies were not issued until November 14, 1944. On this date three policies of insurance on the life of the defendant in the total amount of $25,000.00 were delivered to the defendant and accepted by him. The premiums due The New York Life Insurance Company for the policies totaled $1011.25 and in consideration of the delivery of said policies the defendant gave to the plaintiffs a check in the sum of $511.25 and a cognovit note to the order of the plaintiffs in the principal amount of $500.00. The defendant at this time decided that he desired a double indemnity clause in the policies and for this reason they

were given back to the plaintiffs to have the changes made in the policies by the insurance company. The changes were made as requested on two of the policies and they were again delivered to the defendant on January 19, 1945. The first note given was now due and a new cognovit note was given in the sum of $486.59 instead of in the original sum of $500.00, due to some adjustment in the total premiums. This note was to become due on March 15, 1945. When it became due another cognovit note was issued for the same amount due on April 15, 1945, which note is the subject of this action. At the close of all the evidence the plaintiffs moved for a directed verdict, which was overruled, and after the verdict was returned the plaintiffs moved for a judgment notwithstanding the verdict of the jury, which motion was also overruled. The plaintiffs being content to rely upon these two motions did not file a motion for a new trial.

The first assignment of error is that the trial court committed prejudicial error in overruling the plaintiffs' motion for a directed verdict. The plaintiff is contending that there was no evidence to support either of the defendant's affirmative defenses.

We shall consider first whether or not there was a failure of consideration. Failure of consideration in law is just what the plain meaning of the words implies, that is to say, it is the neglect, refusal and failure of one of the contracting parties to do, perform, or furnish, after making and entering into the contract, the consideration in substance and in fact agreed upon, 29 O. Jur. p. 922, Par. 139.

The record discloses that these policies were issued upon the application of the defendant, which is dated May 31, 1944. This application, signed by the defendant, contains, among other things, the following statements:

"Age nearest birthday, 43;
"Write policy to take effect
as of March 15, 1944."

Each of the policies issued, on the cover has the following:

"Payable on the 15th day of March".

And on the first page of each of the three policies is the following with the exception of differing amounts:

"This contract is made in consideration of the application therefor and of the payment in advance of the sum of $404.30, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this policy for the period terminating on the 15th day of March, 1945, and of a like sum on said date and every twelve calendar months thereafter during the lifetime of the insured."

Now, the record discloses that these policies were delivered to the defendant on November 14, 1944, and the premiums paid on the same date, and that the life of the defendant was not insured until the premium was paid. It is the contention of the defendant that since he was not insured from the 15th day of March, 1944, but only from the 14th day of November, 1944, that there is a failure of consideration for the note. The record discloses that the reason the policies were to become effective on March 15, 1944, was that after this date the defendant's age changed and he would become one year older and the rate would be higher. Mr. Henry testified that there was an increase in policy rates effective June 1, 1944, and that by taking advantage of this and also of the age change on March 15, 1944, the defendant would save approximately $3000.00 in premiums during the life of the policies. In view of these facts we believe that it cannot be said that there was a failure of consideration. There is no evidence whatsoever to support such a failure of consideration. The policies were issued in accordance with the defendant's application and the defendant testified that he read the first page of the policies when they were delivered to him on November 14, 1944. He therefore knew when the premiums became due and accordingly accepted the policies and paid the first annual premiums. He is bound by the terms of the policies which he accepted. These policies state that the premiums he paid would maintain them for the period terminating on the 15th day of March, 1945. From these facts we are also of the opinion that there is no evidence whatsoever to support the claimed defense of fraud and deceit.

In 19 O. Jur. p. 335, Par. 24, the essentials of fraud and deceit are set forth as follows:

"In order to maintain an action for damages for deceit, certain elements must be present. First of all, there must be actual or implied representations or concealment of a matter of fact which relates to the present or past, and which is material to the transaction; secondly, the representation must

be false; thirdly, the representation must be made with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; fourthly, it must be made with the intent of misleading another into relying upon it; fifthly, this other person must have relied upon it with a right to so rely; and lastly, injury must have resulted as the consequence of such reliance. All of these ingredients must be found to exist, and the absence of any one of them is fatal to a recovery. The grounds of the action of deceit are fraud and damage, and when both concur the action will lie. Moreover, both must concur to constitute actionable fraud."

The defendant contends that the fraud and deceit of the plaintiffs is found in the facts that were withheld from the defendant, and no thought of fraud and deceit was ever expressed until all the facts had been revealed and defendant discovered that his insurance policies had been dated back and that he was liable to the insurance company for additional premiums. The defendant testified that he thought the premiums would start to run on November 14, 1944, and contends that the failure of the plaintiff to advise him that the premiums started to run from the effective date of the policy constitutes a fraud and deceit. He testified that he did not know of anything they said that was false exactly, leading up to the matter of all these things. In the light of this testimony and the fact that the defendant applied for insurance to be effective on March 15, 1944, and that the policies issued to him conformed to this application, and they stated on their cover and on the first page that the premiums became due on March 15, we cannot find that there was any evidence of fraud or misrepresentation concerning the premiums on these policies. Such being the fact there was no question for the jury to pass upon, and it became the mandatory duty of the trial court to sustain plaintiffs' motion for a directed verdict, and the trial court's failure to sustain such a motion constitutes reversible error.

The judgment is reversed and the cause is ordered remanded with instructions that judgment be rendered for plaintiffs as prayed for in the petition.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.